UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-cr-10426-DJC |
| | ) | |
| KEVIN GOMEZ, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The defendant in this case was responsible for fentanyl and gun sales and has been convicted of one fentanyl sale and unlawfully possessing one of those guns. The defendant's conduct not only reflects his involvement in the distribution of a deadly substance, but also the violent instruments that endanger his own community when mixed with drug dealing. A significant sentence is therefore necessary and warranted both to punish this defendant and to dissuade others from engaging in drug and gun dealing.

Given the facts of this case and the defendant's background and involvement, the government recommends that the court sentence the defendant to the low-end of the guideline sentencing range, 100 months of imprisonment, three years of supervised release, and a $200 special assessment. There is no plea agreement in this case.

**I.     ADVISORY SENTENCING GUIDELINES**

The government agrees with the PSR's calculations of the defendant's offense level and criminal history category. The defendant is responsible for distributing 80 grams of fentanyl. PSR ¶ 23. The guideline calculations are, however, controlled by the type and number of firearms the defendant sold. PSR. ¶ 24-26. His base offense level is 28. PSR ¶ 30. The

defendant is entitled to a three-level acceptance of responsibility reduction, PSR ¶ 32-33. The defendant's Total Offense Level is 25. PSR ¶ 28. The defendant has criminal convictions that result in a criminal history score of 10, and as a result, falls in criminal history category V, PSR ¶ 48-49. Based upon a Total Offense Level of 25 and a criminal history category V, the advisory guideline range is 100-125 months. PSR ¶ 94.

## II.     SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

Consideration of the § 3553(a) factors demonstrates that a sentence of 100 months is sufficient, but not greater than necessary, to meet the goals of sentencing.

### A.     Nature of the Offense

The defendant was dealing in fentanyl, a deadly drug that has created havoc in the United States, and more specifically in Massachusetts, over the past several years. Fentanyl is an extremely potent synthetic opioid that has become increasingly intertwined with and/or replaced heroin, both literally as an additive to make heroin more potent and in terms of the marketplace.[1]

Massachusetts has been one of the states hardest hit by the opioid crisis, and has been among the top states with the highest rates of fentanyl-related overdose deaths.[2] In 2018, Massachusetts had an opioid-related overdose death rate of 29.3 deaths per 100,000 persons, one

---

[1] U.S. Department of Justice Drug Enforcement Administration, *2019 National Drug Threat Assessment*, *available at* https://www.dea.gov/sites/default/files/2020-01/2019-NDTA-final-01-14-2020_Low_Web-DIR-007-20_2019.pdf, at 12 (last visited November 10, 2020) (hereinafter "DEA 2019 Assessment").

[2] DEA 2019 Assessment at 13-14.

of the highest rates in the nation.[3] While the increased availability of naloxone (also known as Narcan) has had a positive impact in lowering the number of overdose deaths in Massachusetts in 2019, there were still 1,952 confirmed opioid-related overdose deaths in Massachusetts and the Department of Public Health estimates that there will be an additional 61 to 64 deaths confirmed for the year once all analysis is complete.[4] For 2020, the final figures are still being compiled. While overdose death rates are stabilizing in Massachusetts, they remain at a tragic peak, attributable to the increasing availability of fentanyl in the past decade. Based upon the 2019 data available, of the 1,873 individuals whose deaths were determined to be opioid–related and a toxicology screen was performed, 1,752 (94%) had a positive result for fentanyl.[5] These statistics are not hypothetical: they describe the opioid epidemic occurring right now in this District. The epidemic is real and being felt every day by families across Massachusetts and New England.

The defendant not only engaged in drug trafficking, but firearm dealing as well. The defendant was not only dealing in pistols and concealable weapons, but also sold a high-powered rifle, capable of accepting a large capacity magazine. This AR-15 rifle was not a weapon of self-defense; it was a weapon of intimidation and destruction. The types of weapons the defendant

---

[3] National Institute on Drug Abuse, *Opioid-Related Overdose Deaths* (Revised April 2020), *available at* https://www.drugabuse.gov/drug-topics/opioids/opioid-summaries-by-state (last visited on November 10, 2020).

[4] Massachusetts Department of Public Health, *Data Brief: Opioid-Related Overdose Deaths Among Massachusetts Residents* (June 2020), *available at* https://www.mass.gov/doc/opioid-related-overdose-deaths-among-ma-residents-june-2020 (last visited November 10, 2020).

[5] *Id.*

3

had access to and was willing to sell, could have brought serious tragedy to his very own community. Drug trafficking can a be risky endeavor and drug traffickers seek to protect themselves, their drugs, and their proceeds with firearms.[6] The defendant made himself available to procure firearms for drug traffickers and increased the potential of violence associated with both behaviors. The defendant sat at the intersection of drug and firearm dealing, a dangerous endeavor for himself, his family, and community.

    **B.**    **Characteristics of the Defendant**

The government acknowledges the undeniably prompt acceptance of responsibility by this defendant. The defendant moved for a Rule 11 hearing in this matter after examining the discovery in this case. The defendant had no hesitation to accept responsibility.

The defendant, however, has a significant criminal history. The defendant's first adult conviction at age 18 was for possession with intent to distribute marijuana. The defendant then continued in his youth with convictions for breaking and entering and assault and battery. In the defendant's late 20's, he was convicted of receiving a stolen motor vehicle and possessing burglarious tools. The defendant, now 32 years old, stands convicted of fentanyl distribution and unlawful gun possession.

The United States Sentencing Commission, in its report *Recidivism Among Federal Firearm Offenders*, highlights that firearm offenders recidivate at a higher rate than non-firearm offenders, regardless of age or criminal history.[7] Here, the defendant is a firearm offender, in one

---

    [6] The enhancement for possessing a firearm in connection with drug dealing reflects the increased danger of violence when drug traffickers possess weapons. USSG 2D1.1 n.11(A).

    [7] https://www.ussc.gov/research/research-reports/recidivism-among-federal-firearms-offenders (June 2019) (last accessed November 10, 2020).

of the highest criminal history categories. The defendant's offenses and criminal history, therefore, warrant a significant sentence to adequately protect the public and discourage recidivism.

### C. Specific and General Deterrence

A significant sentence of imprisonment is warranted to deter others from becoming involved in fentanyl and gun dealing. The dangers of crossing drug and firearm dealing are difficult to overstate. Individuals tempted to engage in drug and firearm trafficking must understand that *any* involvement will have immediate and harsh consequences. Imprisonment is necessary to send a strong warning to others who might otherwise consider profiting from drug and gun dealing that the money is not worth the punishment. Further, general deterrence must be considered for any other individuals similar to the defendant's status, that dealing in drugs and guns is not a gainful way of life.

Considerations of specific deterrence also support imposition of substantial incarceration. The defendant is no stranger to the dangers of drugs and the problems they bring. PSR ¶ 83. The sentence recommended by the government is hopefully sufficient to deter the defendant from resuming a life of drug and gun dealing and that any continued criminal behavior will be met with serious consequences.

### III.     CONCLUSION

The government's sentencing recommendation takes into account the various factors set forth in § 3553(a) and the sentencing guidelines.  The United States recommends that the Court sentence the defendant to 100 months in prison to be followed by three years of supervised release, and that the defendant be ordered to pay a mandatory special assessment of $200.

                Respectfully submitted,

                ANDREW E. LELLING
                United States Attorney

By:    */s/ Philip Cheng*
        Philip C. Cheng
        Assistant U.S. Attorney
        1 Courthouse Way, Suite 9200
        Boston, MA  02210
        (617) 748-3101

Dated:  November 10, 2020

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and copies will be sent to those indicated as non-registered participants.

      */s/ Philip Cheng*
      Philip C. Cheng
      Assistant United States Attorney

Date: November 10, 2020